Case number 23-3080. United States of America v. Eghbal Saffarinia, also known as Eddie Saffarinia, at balance. Ms. Fischel for the at balance, Ms. Rolston for the appellee. Ms. Fischel. Good morning. Good morning. Thank you, Your Honor. May it please the Court. Section 1519 requires intent to obstruct an investigation or the proper administration of a matter. There are two potential investigations or matters in this case. One was never charged by the grand jury, and the other falls outside the statute's reach. I would like to focus this morning on those two defects and why they require Mr. Saffarinia be on his 1519 counts, starting with the never charged investigation. That is the investigation that the CIGI and the FBI conducted into contract steering, which was not alleged in the indictment because it was never offered to the grand jury as a basis for the charges. It was never charged by the grand jury. But within days of trial, the government declared it an important basis for the counts, for the 1519 charges. That constructively amended the indictment, because the indictment at page 543 of the joint appendix says that what the only investigation or matter at issue in this case that was charged was the obstruction of HUD and OGE's review of Forms 278. Counsel, can you direct me to any language in the jury instructions that permitted the jury to convict your client based on this other investigation? The jury instructions, it authorized the jury to make the factual determination about what fell within the jurisdiction of HUD or OGE. It described the jurisdictional element and said any authorized function of an agency, and then it named HUD or OGE. The government's argument in closing specifically invited the jury to make that finding, which we contend should have been a legal finding, and we objected to authorizing the jury to make that determination. But the district court permitted the government to make the factual argument that somehow HUD and OGE's jurisdiction extended to the FBI and CIGI investigation, and the jury could have believed that argument. Nothing told them that they were not permitted to follow the government's argument when it made that argument. And that is exactly the fact that they were permitted to make that inference, to believe the jury's argument that the CIGI FBI investigation fell within the scope of HUD or OGE is why this was a constructive amendment. And we know it was because the government conceded repeatedly pre-trial that the grand jury's charge was limited to review of the forms. Nothing in the jury instructions limited the jury to finding review of the forms was the subject of the obstruction here. For example, the government conceded at page 222 to 223 of the joint appendix. They said, to be clear, the indictment alleges, and then they or matter as, quote, review of the forms 278, or, quote, receipt and review by HUD and OGE. At page 86 of the joint appendix, they also specified that the indictment was adequately alleged because it named agencies tasked with, quote, reviewing that form. At page 2117 of the joint appendix, they conceded that the grand jury had charged obstruction of HUD and OGE and no other agency. But they argued something different to the court and to the jury, and the jury could have convicted on that basis. And nothing in the jury instructions, Your Honor, prevented them from doing that. The district court accepted those concessions over and over as well. The district court agreed that the indictment was clear because it named, quote, agencies that reviewed those forms. The district court found, quote, review of his OGE forms was the adequately alleged matter or investigation, and the district court denied the grand jury discovery based on the government's representations. There was more. In a letter, in motion and lemonade papers, in pretrial hearings, throughout the pretrial process, up until days before trial, the government consistently and repeatedly said, this is- I'm having a little trouble with understanding your argument in the sense that HUD and, I mean, the FBI, it doesn't get to the FBI or any later stage of the investigation unless the other agencies review the documents first and then deem them worthy of referring them further. So, I mean, the jury, in order for your theory to be viable, we have to ignore the fact that there is a prefatory review that necessarily took place. No, your honor. And the reason is because the prefatory review was entirely separate from the CIGI FBI investigation. You're correct that the government argues certainly there could have been something that arised out of these forms. Nothing arised out of these forms. And they concede that the CIGI FBI investigation germinated from outside allegations at page 13 of their brief. And that is critical because nothing in the indictment said anything about that exterior investigation. All the government would have needed to do in this case is charge the grand jury with the CIGI FBI investigation into contract steering as the basis for the obstruction counts. They knew about that investigation, but they didn't charge it as they repeatedly conceded. They didn't charge it and they didn't raise that with the district court when we challenged the sufficiency of the allegations. And in the lead up to trial, they argued background and context as the reason for entering this evidence into trial. It was only after the district court excluded the evidence as background and context because it would be unfairly prejudicial that the government said this was a basis for the charges. That was a classic constructive amendment. And here it results in acquittal because section 1519 does not criminalize the sole surviving basis for the charges, which is the routine review. Marinello is directly on point there as to the definition of proper administration of a matter. And it is not an investigation as the government practically concedes in their brief. And I see I've entered my rebuttal time. So just one final note, the government argued for the first time on appeal that we forfeited our jury instructions argument. I would just direct the court's attention to page 2532 at 2532 of the joint appendix, where the district court found there was an objection and a request for a new trial on the jury instructions issue before it addressed our argument. I will reserve the remainder of my time. There are no further questions. Thank you. Thank you, Mr Ralston. Good morning, Your Honors. May it please the court. I'd like to begin with the argument the government changed its theory midstream. This is simply not true. The government alleged and continued to argue for and prove to the jury that this was one single investigation within the jurisdiction of HUD and OGE. It points the court to the indictment language at 543, which does not, contrary to my friend on the other side's argument, say the word review at all. It repeats the statutory language, including in contemplation in relation to an investigation and the proper administration of a matter within the jurisdiction of a federal agency. Identified agencies are HUD and OGE. The district court's jury instructions, as the court itself found, were virtually identical. Yeah, but the question is whether or not you presented significant evidence regarding the CGIE and FBI investigation, which I think you did. So I think that would go to whether there's a variance, not an amendment. All right. I understand the difference, I think, between variance and amendment, but you still have a problem. It's a variance, and it sure looks like at least a variance. There's extensive evidence on the CIGE, and they tried to get the district court to cut them a break by raising an objection, and the district court allowed it to go ahead and proceed during the trial. There's extensive evidence. It's not in the indictment, and I agree there's consistency between the indictment and jury instructions, but it's inconsistent with the evidence, extensive evidence, that you put on a CIGE and FBI investigation. The CIGE and FBI investigation are not what the indictment is about, and yet there's extensive evidence on it. My understanding is that's a variance. I disagree, your honor, for three reasons. The first is that the indictment alleges, it's a speaking indictment, and it alleges in the first 11 pages, which are reincorporated into the counts five through seven charge, that the conflict of interest, the investigation here, to the extent we're talking about investigation, is into the conflict of interest. Second, whether that investigation into the conflict of interest was within the jurisdiction of HUD and OGE is a question essentially of agency, whether the FBI agent was acting as the agent of HUD or OGE. This is as the district court found twice at pages 28 and again at 2523. I'm not impressed with what you're arguing now. Are you suggesting the indictment included the CIGE and FBI investigation? Because you conceded post-trial that that was not the case. You conceded it. I'm looking at your quoted words here. They were not charged or instructed that the investigation or matter instructed was a CIGE or FBI investigation. That's your concession. I agree, your honor, but that's because there is no separate investigation. There is a single investigation into the conflict of interest. There's two very distinct things going on here. One, that maybe they're all chargeable, but the only thing that was charged did not include the CIGE FBI investigation. Absolutely did not. In fact, you said that and yet your testimony went extensively to that. That's prejudicial. I disagree for additional reasons. So first, I want to go back to the extensive evidence. CIGE or the FBI is mentioned only on 12 of the 1,000 pages. Most of that is about the fact that a referral was made. The FBI agent gives one paragraph giving his foundation for how he then is in the position to testify about the records that he goes on about. It's not extensive records. Moreover, I think this factual question, right, the district court before trial at page 28 calls it a question of fact for the jury. The jury instructions in no way permitted the jury to convict on the basis of- Doesn't matter if you're looking at a variance. I disagree to some extent because- When you're talking about a variance as opposed to an amendment, if you have extensive evidence that's inconsistent with the indictment and the instruction, that's a variance. I want to go back to- Because the prejudice is they weren't able to prepare and put in testimony to deal with something they didn't expect to see and that the district court was not allowing them to get into. A variance deals with the concept of notice. They had completely fair notice that all investigations into the conflict of interest were part of the charge. You look at the speaking indictment- No, wait. Let me come- You're mixing me up. Now, are you saying that the CIG and FBI investigation were included? Because you can see that they were not. As we argued throughout the case, and I'd point you to the point at pages 807, I'm sorry, at 820 and 860 at the pre-trial conference where the prosecutor repeatedly says, it's not a different investigation. CIG and FBI stand in the shoes of HUD. The district court finds- Post-trial, someone conceded, jury was not charged or instructed that the investigation of the matter obstructed was a CIG or FBI investigation. Yes. We did not charge. We did not prove. We did not ask the jury to convict on any basis that the investigation was within the jurisdiction of CIG and FBI. The investigation is within the jurisdiction of the charged agencies as we made clear throughout. But I want to go back to this notice point. I think notice at the end of the day comes down to the question of what would have been different if they say we changed, if that's true, what would have been different? And nothing. And I think that's clear because it's all one case. If you look at count one, count one urges concealment based on an intent to deceive that is a scheme or trick. All of that has to go to this idea that there's a conflict of interest, a potential conflict that's covered up by the on the form. That's the case, right? That's the case throughout all of the charges. Those are the facts. He had noticed that that was the charge and that that charge that he defended against in count one, in all the counts, he had a single defense. His defense was it was an honest mistake. There's no honest mistake. The jury rejects that when they convict him on all seven counts. There's no other defense. There's nothing else he could have said. And this was within the that's the only thing the government asked the jury to. And what I would have done if I were counsel on their side is their subpoena and discovery would have been entirely different if they knew that the CIG, CIG and FBI investigation was in play. And I certainly would have had a very different discovery if I had known, oh, that's in play. Oh, we're going to be here a long time and discovery because we're going to go into all that had I known that. And you conceded post trial that wasn't and yet you put in extensive evidence that it was. So it's not extensive. Twelve pages. It's not even twelve full pages. It's parts of twelve pages. And I refer you to the citations in our brief about that. It is, however, there was no more discovery. The government gave all the discovery. This did to stand in HUD's shoes because of the recusal. There was nothing else to give them. We've highlighted the hot documents for them. The district court found that that was sufficient at 488. We were consistent. There were reverse proffers. They had complete notice about the conflict of interest investigation. It was this. And I would point out that until Mr. was terminated from HUD in 2017, HUD still had a strong interest in figuring out whether there was a conflict of interest and whether he lied on those forms because those helped form the basis of his termination. So I think there's a good reason not only that this was the argument in the jury instruction, but that there was reason, factual reason to understand that this was within HUD's jurisdiction. Also, OGE has jurisdiction to investigate these forms. And I think that's clear both in the statute. It's clear throughout the bill of particulars. I think at 222, we talk about OGE's power to investigate. And also, I want to talk about the contemplation on this idea of 1519. We have the contemplation or relation to language. It can be any investigation within the jurisdiction of the charged agency that he would anticipate. And we made it clear that we were talking about contemplated investigations throughout. I think 220 in the motion to dismiss response, 85 to 86 in the bill of particulars response, highlight that clearly. And the last thing I want to just point out both here about the variance and about 1519 is that a variance, according to Jordan, has to go to an essential element of the offense. The essential element here are two things. First, it's the intent to obstruct. And second, it's the false document. There's no dispute at all about the documents or that they were false. And the intent to obstruct is the same. It doesn't matter who the agency is. I'm not saying that we changed the agency, but the intent is the same. The intent is to cover up the conflict of interest. And that was the argument throughout trial about all seven counts. The intent is that's the scheme to conceal is the intent to cover up this conflict of interest. And moreover, I think a lot of some of the evidence at least would have been admissible regardless. And that goes to his notice. There's discussion that he knows about this investigation by the time he files that last form in 2016. And so at 11-16 and 16-06, the references to Siggy are about that awareness. So that's not, I think, in any way saying that he varying from the indictment. The other things go to materiality. They would have been admissible anyway. They're saying that I would have made this referral. That's what Antonio says at 1596. And they're talking about follow-up information at 1069. That's internal to HUD-OIG investigation. Right? Kirkland is going out and gathering evidence. He's interviewing witnesses. He's gathering documents. And that's inside HUD. And then he says he provides that information to Siggy. But the fact that he provided the information isn't the necessary part, right? The necessary thing there is that he's gathering the information. And as we point out in our brief at page 27, that is an investigation well within the jurisdiction of HUD. And I think under the jury instructions that if the jury relied on the investigation prong at all as opposed to the administration prong, then I think that's the better idea of what they were relying on because his investigation . . . You're over your time. If there are no questions, Judge Wilkins. One last question. What's your response to your friend on the other side's argument that based on the jury instructions, the defendant could have been convicted not because of an investigation by, I guess, HUD and OIG, but because of an investigation by the FBI or CIG? I think it's not possible in any way. The jury instructions mention the indictment language. They copy that verbatim, which says HUD and OGE. The unanimity instruction, additionally, is explicit that the jury has to find it's a matter within the jurisdiction of HUD, unanimously agree that it's within the jurisdiction of OGE or both. There's no way that the jury could have followed both of those instructions or really either of them and convicted on the basis of something that's within the jurisdiction of another agency. I'm not disputing that there was someone referred through CIG and an FBI agent who did some of the investigating that I think could have been contemplated by the defendant, but those people were acting as agents of HUD because HUD OIG was recused because of the defendant's position. So the jury instructions, I don't think in any way allowed this conviction, and he received completely fair notice. It doesn't go to an essential element. And just one last thing I'd like to say is that throughout, the standard of review is an issue for the court. Rule 52, Rule 30 are addressed to what may be considered, which is by the court. It's not something I think that the party can waive, but in any event, didn't waive it below. If there are no further questions. Thank you. Can I please, the court, I have three points I want to quickly touch on in rebuttal. The first is that there is no way to read this indictment as providing notice to Mr. Safrania that he could be put on trial for obstructing a conflict of interest investigation or contract-steering investigation. That means that there are two ways to resolve this case. One is that there  either the government was right when it's opposed the bill of particulars motion to dismiss, when it opposed our motion for grand jury minutes, that the indictment was limited to routine review of the forms, or the indictment is fatally vague and fails to provide constitutionally adequate notice of the charges to Mr. Safrania. If the former acquittal is required, if the latter, the district court denial of our motion to dismiss should be reversed. On the jury instructions point, the jury instructions here were not consistent with what the grand jury charged, which is the essential question here. The government concedes at page 35 to 36 of their brief that the jury could have convicted based on evidence of the CIGI FBI investigation. That is not what the grand jury charges. The government also conceded below. And that question should not of whose jurisdiction the CIGI FBI investigation fell within. That was a legal question that never should have been sent to the jury. What happened in the jury instructions is the court permitted the jury to decide whether or not the CIGI FBI investigation fell within the jurisdiction of HUD or OGE. That should never have happened, but it did. I don't understand your argument. You're saying that it's a legal question that shouldn't have been sent to the jury. Well, did the jury answer it incorrectly? I mean, legally, were they acting as agents for OGE and HUD? And if so, then what's the error? Legally, they were not acting as agents. Your honor, this was a completely separate investigation by completely separate agencies that was referred out of a bid protest, which related to contract and not the forms. And it would make no sense for a referral out of an agency that is specifically to avoid a conflict of interest to result in something still being within the original agency's jurisdiction. I would just add, your honors, that there was certainly prejudice here. There was no notice. And we would have proceeded on a different strategy, reviewed discovery differently, if we had known that the government would assert this as a basis for their charges. There are no further questions. My time is up. Thank you. Thank you, your honors.
judges: Henderson, Wilkins, Edwards